Opinion filed April 12, 2007 















 
 
  
 
 







 
 
  
 
 




Opinion filed April 12, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00029-CR 

                                                    __________

 

                                RANDY
DEAN McKNIGHT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 5913D

 



 

                                                                   O
P I N I O N

This is
an appeal from a judgment revoking community supervision.  We dismiss the appeal for want of
jurisdiction.








The
trial court originally convicted Randy Dean McKnight, upon his plea of guilty,
of aggregate theft by check and assessed his punishment at confinement for
eighteen months in a state jail facility and a $100 fine.  Pursuant to the plea bargain agreement, the
imposition of the sentence was suspended, and appellant was placed on community
supervision for five years.  At the
hearing on the State=s amended motion to revoke, appellant
entered pleas of true to nine of the State=s eleven allegations.  The State abandoned the two allegations to
which appellant entered pleas of not true, and the trial court found the
remaining nine allegations to be true. 
The trial court then revoked appellant=s
community supervision and imposed a sentence of confinement for fifteen months
in a state jail facility.

The
trial court imposed the sentence on January 3, 2007.  A motion for new trial was not filed.  In order to timely perfect an appeal, the
notice of appeal was due to be filed on or before February 2, 2007.  Tex.
R. App. P. 26.2.  Appellant filed
his notice of appeal on February 6, 2007.  To extend the time for perfecting an appeal,
both a motion for extension of time and the notice of appeal were required to
be filed on or before February 20, 2007. 
Tex. R. App. P. 26.3.  A motion for extension of time has not been
filed.  Absent a timely notice of appeal
or compliance with Rule 26.3, this court lacks jurisdiction to entertain an
appeal.  Slaton v. State, 981
S.W.2d 208 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519 (Tex.
Crim. App. 1996); Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App.
1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988).

On March 8, 2007, the clerk of this court wrote
the parties and advised them that the clerk=s
record had been received and that it appeared that an appeal had not been
timely perfected.  The clerk advised
appellant to respond on or before March 23, 2007, showing grounds for
continuing this appeal.  There has been
no response to our letter of March 8.

Appellant has not established that this court has
jurisdiction to entertain this appeal. 
The appeal is dismissed.

 

PER CURIAM

 

April 12, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.